MARY CUNNINGHAM ET AL., APPELLEES, V. PATRICIA ANN CUNNINGHAM QUINLAN ET AL., APPELLANTS.
134 N. W. 2d 822

Filed April 30, 1965. No. 35852.

Ralph R. Bremers and John J. McCarthy, for appellants.

John A. Wagoner, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

This is a suit to set aside a deed. The defendants elected not to introduce evidence and stood on the motion

for dismissal. The district court set aside and canceled the deed and the defendants have appealed.

Mary Cunningham, the grantor, was 75 years of age on March 31, 1958, when she executed the deed in question to her niece, Patricia Ann Cunningham Quinlan. Mary Cunningham was somewhat retarded and had gone to school up to the fifth or sixth grade. The court specifically found at the time of trial that Mary Cunningham was "quite confused and that she apparently has had to be under the care of members of the family. She appears to be a little bit under size; appears to be perhaps a little mentally retarded; is apparently quite hard of hearing at the time of trial." Mary Cunningham was unmarried; had never transacted business; had never been employed for compensation; and had never had a home of her own. She had lived with her parents until the death of her father in 1938. From 1939 to 1957, first her brother and after his death, her sister-in-law (the parents of the defendant, Patricia Quinlan), had handled her financial affairs, and she lived in their home. In 1957, when her sister-in-law became ill, her niece, Patricia Quinlan, took over her care and the management of her financial affairs. The evidence is clear that Mary Cunningham trusted Patricia Quinlan and did what she told her to do. Upon Mary Cunningham's return from the hospital following a fall in February 1958, she signed a paper which Patricia Quinlan told her was for her own good. She did not know that she had signed a deed, nor did she know that the paper she signed was to transfer the farm to Patricia Quinlan. She did not receive any money for signing the deed. There is extensive additional evidence of imposition, fraud, and undue influence which we do not deem necessary to outline or summarize.

The general principles applying to confidential or fiduciary relationships apply to any transaction or situation of advantage in which confidence is rightfully reposed on one side, and a resulting superiority and oppor-

tunity for influence is thereby created on the other. In any such case where confidence is known, or may reasonably be expected to exist as a fact, where it is of a legal, moral, social, domestic, or personal character, equity will scrutinize the transaction critically, and especially so where age, infirmity, and instability are involved, to see that no inequitable action has been taken and no injustice has occurred. Stieber v. Vanderlip, 136 Neb. 862, 287 N. W. 773. Because of the relationship, and the age, physical infirmity, and mental instability of Mary Cunningham, it was the duty of the defendant Patricia Quinlan to see that no possible advantage was taken of her. Patricia Quinlan could not enter into a transaction with Mary Cunningham of personal benefit to herself, unless it was convincingly clear that Mary Cunningham knew what she was doing, and, with a full understanding of the transaction, was willing to enter it. It is not even necessary here to determine the question of whether Mary Cunningham was lacking in general mental competence, or whether Patricia Quinlan can be said to have perpetrated a deliberate fraud upon her. In the confidential relationship in which they stood, the failure to make the transaction clear, and inducing her to execute a deed, constituted an imposition on her, whether it was intentional or not, and such imposition would constitute in equity a constructive fraud.

When a party seeking to set aside a conveyance because of undue influence establishes facts which show the relationship of the parties and their dealings to be such that a presumption of undue influence arises therefrom, the burden of going forward with the evidence then shifts to the party seeking to sustain such a conveyance to overcome such presumption. It is impossible to lay down any hard and fast rule in cases of this kind as to when a presumption of undue influence arises. The rule must, of necessity, be applied according to the particular facts and circumstances of each case in which

the question arises. Generally, it may be said that if the facts and circumstances show such confidential, fiduciary, or trust relationship that it would be inequitable to sustain the deed in question, then such presumption arises, and the burden of going forward with the evidence rests upon the grantee to show the bona fides thereof. Kucaba v. Kucaba, 146 Neb. 116, 18 N. W. 2d 645.

The action of the district court in setting aside the deed and quieting the title to the property involved was correct and is affirmed.

AFFIRMED.