IN RE ESTATE OF JESSIE ALWENA GARFIELD, DECEASED. MARGARET LOOMIS, APPELLANT, V. ESTATE OF FRANK B. DAVENPORT, DECEASED, APPELLEE.

222 N. W. 2d 369

Filed October 17, 1974. No. 39398.

Blevens, Bartu, Blevens & Jacobs, for appellant.

George E. McNally, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding to contest a paragraph of the will of Jessie Alwena Garfield, deceased. The plaintiff, Margaret Loomis, a residuary beneficiary, alleged the devise and bequest made in paragraph "second" of the will was the result of undue influence. There was no issue concerning due execution of the will or testamentary capacity. At the close of the evidence the trial court sustained the motion of the defendant

to admit the will to probate in its entirety. The plaintiff has appealed.

The deceased died on January 11, 1973. She was a single person and had been handicapped since birth. After the death of her mother, Verda Garfield, on April 26, 1962, the deceased lived in various rest homes.

The will was made on April 29, 1962, the day of the funeral of the mother of deceased. The deceased was hospitalized at Ingleside, Nebraska, at that time and was brought to David City on the day of the funeral. After the will had been executed she was returned to the hospital at Ingleside.

Paragraph second of the will devises 80 acres of land in Butler County, Nebraska, and a small residence in Octavia, Nebraska, to Frank B. Davenport. The bequest of the furniture in the house was ineffective because the furniture had been sold during the lifetime of the deceased. The rest of the property of the deceased, consisting of 240 acres of land in Butler County was devised to John Conson, Ida Conson, and Margaret Loomis, share and share alike.

John Conson is an uncle of the deceased who resides in Litchfield, Minnesota. Ida Conson, an aunt of the deceased, predeceased her. Margaret Loomis is a cousin of the deceased who resides in Indianapolis, Indiana, and is the plaintiff contestant.

Frank B. Davenport died on January 28, 1973. He was survived by Maude Davenport and Miriam Welton, who have succeeded to his interest.

Frank B. Davenport and his wife were friends of Sidney Garfield, the father of the deceased. After the death of Sidney Garfield on November 6, 1958, Davenport was appointed guardian for Verda Garfield and the deceased. After the death of Verda Garfield in 1962, Davenport continued as guardian for the deceased until her death. The record shows the deceased and her mother were dependent upon Davenport for advice and assistance in business matters after the death of Sidney

Garfield. Davenport and his wife did many things for the deceased and her mother. The relatives of the deceased, and especially Margaret Loomis, lived in distant states and were unable to help the deceased and her mother with day-to-day problems. It is apparent from the record that it was logical and appropriate for the deceased to make some provision for Davenport in her will.

The evidence shows that on the day of her mother's funeral, a Sunday, the deceased was brought to the Davenport home where a luncheon was served before the funeral. After the funeral the parties returned to the Davenport home. The deceased announced that she wanted to make a will. Frank Davenport then called Ray Sabata, an attorney, and arranged for the deceased to see Mr. Sabata at his office that afternoon.

Davenport and his wife took the deceased to the Sabata office where the will was prepared and executed and a petition for the administration of the estate of Verda Garfield, deceased, was signed.

Because of the confidential relationship existing between Davenport and the deceased, and his assistance in arranging for the conference with the lawyer, the trial court held there was a presumption of undue influence so far as the devise to Davenport was concerned. When the party alleging undue influence establishes facts which show the relationship of the parties and their dealings to be such that a presumption of undue influence arises therefrom, the burden of going forward with the evidence then shifts to the opposite party. See Cunningham v. Quinlan, 178 Neb. 687, 134 N. W. 2d 822.

After proof of the confidential relationship between the deceased and Davenport had been established, the defendant then proved all the circumstances surrounding the execution of the will. This evidence established a complete absence of undue influence by Davenport upon the deceased.

The plaintiff contends the trial court should have submitted the issue of undue influence to the jury because

the presumption once established should continue and be considered sufficient to carry the case to the jury. The plaintiff misconceives the purpose and effect of the presumption arising from proof of a confidential relationship between the testatrix and the devisee.

Where the evidence establishes there was no undue influence the presumption disappears. The presumption is not evidence itself but only sustains the burden of proof until evidence rebutting the presumption is introduced. See In re Estate of Kajewski, 134 Neb. 485, 279 N. W. 185. There was no evidence in this case which would have sustained a finding of undue influence. The order withdrawing the issue from the jury was proper.

At the beginning of the trial the plaintiff requested the right to open and close. The trial court ruled the case would be tried in the District Court on the same issues as in the county court. Since the defendant had the burden to prove due execution of the will and testamentary capacity in the county court, the defendant was required to proceed first in the District Court and was given the right to open and close. The plaintiff contends this ruling was erroneous.

The procedure in this case conformed to the practice which has been followed generally for many years. Seebrock v. Fedawa, 30 Neb. 424, 46 N. W. 650. See, also, Sorensen v. Sorensen, 68 Neb. 483, 94 N. W. 540, and on rehearing, 68 Neb. 490, 98 N. W. 837, 68 Neb. 500, 100 N. W. 930, 68 Neb. 509, 103 N. W. 455.

Since the case was decided upon motion at the close of the evidence and not submitted to the jury, there was no prejudice to the plaintiff and it is not necessary to determine whether the ruling was erroneous in this case.

The judgment of the District Court is affirmed.

AFFIRMED.