William J. MULDOON

v.

SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL NO. 252; West Village; and Macke Company.

Civ. A. No. 85–1157.

United States District Court,
E.D. Pennsylvania.

May 28, 1985.

Robert M. DiOrio, Media, Pa., for plaintiff.

Robert C. Cohen, Philadelphia, Pa., for Local 252.

Jeffrey G. Weil, Judy Popper, Philadelphia, Pa., for West Village.

Leo A. Hackett, Media, Pa., for Macke Co.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court are defendants' motions to dismiss for failure to state a claim upon which relief can be granted. In particular, defendants argue that the six month statute of limitations contained in the Labor-Management Relations Act bars plaintiff's unfair labor practice claims. For the reasons stated herein, defendants' motions will be granted.

FACTS

When considering a defendant's motion to dismiss, the court must interpret the allegations in plaintiff's complaint and make all inferences in the light most favorable to plaintiff. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). With this rule in mind, the court turns to the facts alleged in plaintiff's complaint.

Until January 31, 1984, plaintiff was employed as a Maintenance Superintendent by either West Village or Macke Company (the "employers"). Additionally, during the period of time in issue in the present case, plaintiff was a member of a collective bargaining unit represented by Service Employees International Union Local No. 252 (the "Union").

The collective bargaining agreement between West Village and the Union provided in pertinent part:

.        .        .        .        .

3. Each new employee shall be on a trial period of ninety (90) days from the date of hire, during which period the Employer is the sole judge whether the employee shall continue as a regular employee. In this period, the Employer may terminate the employee for any cause whatsoever without recourse to the grievance procedure.

.        .        .        .        .

6. The Employer has the right to discharge any employee for just cause. Dishonesty and intoxication shall be deemed among the causes sufficient for dismissal without hearing.

.        .        .        .        .

16. All matters of dispute between the Employer and the Union or the employees covered by this Agreement, shall be submitted to arbitration at the request of either party; said arbitration to be conducted in the following manner:

Employer shall choose one (1) arbitrator; Union shall choose one (1) arbitrator; and all matters in dispute, as aforesaid, shall be referred for decision to said arbitrators. If the arbitrators thus selected, cannot agree upon a decision of said disputed matter so referred to them, they shall, within five (5) days select a third arbitrator. The decision of any two of the said three arbitrators shall be final, binding and conclusive upon the parties hereto, and all employees of the Employer covered by this Agreement. The expense of such arbitration shall be borne equally between the parties. Every dispute involving the discharge of any employee shall be decided by the arbitrators within five (5) days after said matter has been submitted to them. Should the arbitrators order the reinstatement of the employee to his former position, they may award him back pay for all working time lost due to such discharge, if their decision is that good and sufficient cause did not exist. However, if the arbitrators see fit under all the circumstances to provide that no back pay shall be paid, such decision

shall be final and binding upon the parties hereto.

.    .    .    .    .

On January 31, 1984, the employers demanded that plaintiff, without compensation, transport payroll records. This service was outside plaintiff's job description and prerequisites and had not been previously required of plaintiff or other employees. Plaintiff refused to perform the service. Thereupon, plaintiff was discharged from his employment by the employers who continue to refuse to reinstate plaintiff.

Subsequent to his discharge, plaintiff repeatedly requested that his Union submit the matter to arbitration under the Collective Bargaining Agreement's arbitration clause. The Union consistently refused, in bad faith plaintiff avers, to pursue the matter. Further, plaintiff contends, the Union's refusal was a result of a conspiracy agreement by the employers and the Union.

Consequently, on December 28, 1984, plaintiff initiated this lawsuit by Writ of Summons in the Court of Common Pleas of Delaware County against West Village, Macke, and the Union. A complaint was filed on February 20, 1985. On March 4, 1985, the case was removed by defendants which assert that this court has subject matter jurisdiction under 29 U.S.C. § 185.[1]

In his complaint, plaintiff sets forth four counts: (I) the employers are liable to plaintiff for breach of an implied contract; (II) the employers are liable to plaintiff for breach of the collective bargaining agreement; (III) the employers and the Union are liable to plaintiff for breach of the collective bargaining agreement; and (IV) the employers and the Union are liable to plaintiff for conspiracy to deny plaintiff access to the arbitration provisions of the collective bargaining agreement.

Each defendant subsequently filed a motion to dismiss for failure to state a claim upon which relief can be granted. Defendants assert that under the Supreme Court case *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the applicable statute of limitations to this hybrid section 301 unfair representation suit is the six month provision provided in 29 U.S.C. § 160. Therefore, defendants contend that plaintiff's complaint, filed more than six months after the discharge, must be dismissed as barred by the statute of limitations.

DISCUSSION

■ Title 29 U.S.C. § 160(b) provides in pertinent part:

That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made.

29 U.S.C. § 160(b). The Supreme Court held in *DelCostello, supra*, that this six month statute of limitations applies to a second circuit case[2] and a fourth circuit case[3] which were consolidated for argument. Both cases involved hybrid § 301/unfair representation claims. In neither case did the Court distinguish between plaintiff's causes of action against employer and against union.

In the fourth circuit case in *DelCostello*, petitioner was discharged from his employment as a truck driver on June 27, 1977, after he refused to "drive a tractor-trailer that he believed was unsafe." 462 U.S. at 155, 103 S.Ct. at 2285. Petitioner's union

---

**1.** Title 29 U.S.C. § 185 provides in pertinent part:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

**2.** *Flowers v. Local 2602 of United Steel Workers*, 671 F.2d 87 (2d Cir.1982).

**3.** *DelCostello v. International Brotherhood of Teamsters, et al.*, 679 F.2d 879 (4th Cir.1982) (mem.).

made informal attempts to get petitioner reinstated by his former employer. After the former employer had rebuffed the informal overtures, the union brought a formal grievance under the collective bargaining agreement. A regional joint union-management committee heard the matter and ruled that the grievance was without merit. "Under the collective bargaining agreement, the committee's decision [was] final and binding on the parties." *Id.* On March 16, 1978, petitioner initiated a lawsuit against the employer and the union. Against the employer, petitioner alleged that employer discharged him in violation of the collective bargaining agreement. Against the union, petitioner asserted that the union did not fairly represent him when it prosecuted his grievance. The Supreme Court held that the applicable statute of limitations, for plaintiff's hybrid action against the employer and the union, was the six month provision contained in 29 U.S.C. § 160(b) and not the state's "30-day statute of limitations for actions to vacate arbitration awards" or the state's 3-year statute for actions on contracts. *Id.* at 156, 103 S.Ct. at 2286.

In the second circuit case in *DelCostello*, the respondents, who were craft welders, were either laid off or assigned to other work because the employer assigned welding work to employees who were not craft welders. Respondents who were union members filed grievances with the union in 1975 and 1976, asserting that employer's job assignments violated the collective bargaining agreement. The union pursued the grievances to an arbitration hearing, but the arbitrator held that the collective-bargaining agreement permitted the employer to make the job assignments in issue. On January 9, 1979, respondents initiated a hybrid § 301/unfair representation lawsuit against the employer and the union. Like petitioner in the fourth circuit case, respondents asserted that the employer breached

the collective bargaining agreement and that the union breached its duty of fair representation. The Supreme Court held that the applicable statute of limitations, against the employer and the union, was the six month statute of limitations provided in 29 U.S.C. § 160(b) and not the state's "90-day statute of limitations for actions to vacate arbitration awards" or, with respect to the union, the state's "3 year statute of limitations for malpractice actions." *Id.* at 157, 158, 103 S.Ct. at 2287.

As background to the analysis of the *DelCostello* decision, it is necessary to keep in mind the Rules of Decision Act ("Act"), Rev.Stat. § 721, 1 Stat. 92 (1789).[4] That Act directs federal courts to apply state law in trials at common law, unless federal law requires or provides otherwise. Under *DelCostello*, the exception to the application by the federal courts of the state statute of limitations is triggered "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." 462 U.S. at 172, 103 S.Ct. at 2294. Therefore, turning now to the allegations and asserted causes of action in the present case, the court must determine whether the federal 6-month statute of limitations or the state statutes of limitations is most appropriate.

With regard to plaintiff's Count IV in which plaintiff claims that the Union and his employers conspired to deprive him of his right to arbitration, plaintiff asserts that Pennsylvania's 2-year statute of limitations for actions for intentional torts should be applied. 42 Pa.C.S.A. § 5524. After considering plaintiff's position carefully, the court holds that, just as the Supreme Court in *DelCostello* held that the federal statute of limitations is applicable

---

**4.** The Act provides:

. . . . .

· That the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or

provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply.

Rev.Stat. § 721, 1 Stat. 92 (1789).

in the wrongful discharge case out of the fourth circuit, the federal statute of limitations is the appropriate statute here. Plaintiff, in the instant case, like the union members in the *DelCostello* case, enjoyed the benefits of federal labor law, including the right to petition his Union to process his grievances on his behalf. The only differences asserted by plaintiff between the union members in *DelCostello* and the present case is that (1) the Union here, unlike the unions in *DelCostello*, did not process the member's grievances, and (2) plaintiff here, unlike the union members in *DelCostello*, asserts a conspiracy count. Neither difference, however, bear legal significance. First, there is no apparent legal reason why a different and longer statute of limitation should apply to plaintiff's claim in the case where the Union breached its duty of fair representation by declining to process plaintiff's grievances or conspiring with the employer not to process it, than in the case where the Union breached its duty of fair representation by bungling, in arbitration, plaintiff's grievance. *See Taylor v. Ford and Local Union 980*, 761 F.2d 931, (3rd Cir.1985); *Scott v. Local 863*, 725 F.2d 226, 229 (3d Cir.1984). Second, the existence of federal statute of limitations indicates that Congress intended to balance the employees' interest of recovering that which is due them with the federal interest of a rapid resolution of labor disputes. 462 U.S. at 168, 103 S.Ct. at 2292. Such a Congressional mandate should be followed where it exists. Third, in *DelCostello*, the Court registered its dissatisfaction with application of "different limitations for the two halves of a § 301/fair representation suit." 462 U.S. at 169 n. 19, 103 S.Ct. at 2293 n. 19. In the present case, only the application of the federal statute of limitations would give consistent results with respect to plaintiff's claims against the Union and those against the employers. Consequently, the federal statute of limitations is the appropriate statute.

With respect to plaintiff's Counts I, II, and III, plaintiff asserts that the appropriate statute of limitations is Pennsylvania's 6-year statute for actions for breach of an express contract or the Commonwealth's 4-year statute for actions for breach of implied contracts. Plaintiff attempts to distinguish *DelCostello*, which applied the federal statute of limitations instead of the state statutes of limitations for actions for breach of contract, on the following three grounds. (1) Plaintiff alleges that, not only did employer breach the collective bargaining agreement, the Union also breached the agreement. (2) Plaintiff, unlike the union members in *DelCostello*, alleges a breach of an implied contract as a result of plaintiff's discharge without just and reasonable cause. (3) Plaintiff, unlike the union members in *DelCostello*, alleges that the defendants totally prevented plaintiff from participating in the grievance procedure.

The court finds, however, that plaintiff's asserted distinctions between *DelCostello* and the present case are without legal significance for the same reasons set forth above where the court held that *DelCostello* controls the disposition of Count IV. *See Taylor v. Ford and Local Union 980*, 761 F.2d 931 (3d Cir.1985). *See also Aiello v. Apex Marine Corporation*, No. 83–3240, slip op. at 24–29 (E.D.Pa. May 13, 1985), *supplemented* No. 83–3240 (E.D.Pa. May 22, 1985) (Scirica, J.).

Having concluded that the federal 6-month statute of limitations applies in the present case, the court turns to the application of that statute. The statute of limitations under 29 U.S.C. § 160(b) begins to rule at the time of the act of the unfair labor practice. In the present case, the statute would begin on the date on which the Union refused to process the grievance. The Union refused to process the grievance in a February 21, 1984 letter to plaintiff and in an April 2, 1984 letter to plaintiff's counsel. If the statute began to run on April 2, 1984, plaintiff's complaint was not filed within 6 months of that date. *See Taylor v. Ford*, 761 F.2d 931 (3d Cir.1985).

Plaintiff argues that the statute tolled when, on February 5, 1984, plaintiff

applied for Commonwealth of Pennsylvania Unemployment Compensation Benefits. Plaintiff's application was denied by the Office of Employment Security to the Unemployment Board of Review, and he subsequently appealed. Following an April 6, 1984 hearing before a referee, the decision of the Office of Employment Security was affirmed and plaintiff's application for compensation was disallowed on April 11, 1984. The court holds: (1) the Commonwealth's Unemployment Compensation Act is independent of the Federal Labor-Management Relations Act, and, therefore, the filing of a claim under one Act did not toll the statute of limitations applicable to the other, *see Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (filing of a claim with the EEOC did not toll the running of the statute of limitations applicable to the Civil Rights Act of 1866, 42 U.S.C. § 1981), and (2) even if the federal statute was tolled by plaintiff's filing of the Commonwealth unemployment compensation claim until April 11, 1984, when plaintiff's application was disallowed, plaintiff's complaint was still not filed until more than six months after April 11, 1984.

CONCLUSION

Plaintiff's claim against the Union and the employers must be denied.