**JOYCELYN HARRIGAN, Plaintiff**

**v.**

**CANEEL BAY, INC.; ROCK RESORTS, INC.; JACKSON HOLE PRESERVE, INC.; KATHY CRUMPLER; RANDY CRUMPLER; UNITED STEELWORKERS OF AMERICA, AFL–CIO LOCAL UNION 8249, Defendants**

Civil Action No. 87-432

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 10, 1990

269

ANDREW CAPDEVILLE, ESQ., St. Thomas, V.I., *for plaintiff*

RICHARD E. GRUNERT, ESQ. (GRUNERT, STOUT, MOORE & BRUCH), St. Thomas, V.I., *for defendants Caneel Bay, Inc., Rock Resorts, Inc., and Jackson Hole Preserve, Inc.*

JOHN R. COON, ESQ., St. Croix, V.I., *for United Steelworkers of America, AFL–CIO, Local 8249*

SAMUEL H. HALL, ESQ., St. Thomas, V.I., *for defendants Kathy and Randy Crumpler*

BROTMAN, *Acting Chief Judge*

Currently before the court are the motions for summary judgment of defendants Caneel Bay, Inc., Rock Resorts, Inc., and Jackson Hole Preserve, Inc. ("Caneel Bay") and defendant United Steelworkers of America, AFL–CIO, Local 8249 ("Union"). These defendants have also moved to adjourn the trial date of August 30, 1990 until the court enters a decision on their dispositive motions. Also pending is plaintiff's motion to amend the complaint. For the reasons stated herein, this court will grant the motions for summary judgment and dismiss the complaint against Caneel Bay and the Union with prejudice. In light of this outcome, the court will deny the joint motion of defendants Caneel Bay and the Union to adjourn the trial date as moot. The court will deny plaintiff's motion to amend the complaint.

## I. FACTS AND PROCEDURE

Plaintiff was employed as a maid at Caneel Bay resort on St. John and, as such, was represented by the Union and bound by its collective bargaining agreement. On June 3, 1986, Kathy and Randy Crumpler, who were guests at Caneel Bay, returned to their room at

approximately 3:15 p.m. to find a maid, later identified as plaintiff, in their room. According to written statements prepared by the Crumplers, they saw plaintiff "in the closet, going through the safe, which had been opened." Plaintiff left the room with Mr. Crumpler. Later, she returned and spoke with Mrs. Crumpler and denied having gone into the safe.

Plaintiff's version of the facts differs substantially. In her complaint, she contends that, as she left the room after performing her duties, she was confronted by the Crumplers, who questioned her about the key to the safe. Plaintiff contends that Mr. Crumpler attempted to put his hands in her pockets, but that she stopped him.

Caneel Bay conducted an investigation into the incident and suspended plaintiff on June 4, 1986 pending further investigation. On June 5, Caneel Bay held a meeting with plaintiff, her supervisor, a union representative, and Caneel Bay's Director of Human Resources, Russell George. A second meeting was held on June 6, at which time George informed plaintiff that Caneel Bay would terminate her employment for dishonesty because she denied being in the Crumplers' room at the time in question. As provided in the collective bargaining agreement with plaintiff's union, George prepared a written report on plaintiff's termination and placed the report in her file.

Plaintiff filed a grievance with the Union on June 9, 1986. She also hired an attorney, who contacted Caneel Bay about reinstating plaintiff. Caneel Bay informed plaintiff's attorney that it would proceed in accordance with the Union's grievance procedures. On July 3, 1986, the Union informed Caneel Bay that it intended to take plaintiff's case to arbitration.

While these proceedings were on-going, the Union and Caneel Bay were engaged in negotiations for a new collective bargaining agreement to replace the agreement set to expire in August. During these negotiations, the Union and Caneel Bay discussed pending grievances, including plaintiff's. They reached a tentative settlement on the new agreement, which included, inter alia, a provision that plaintiff would be reinstated to work the day after the contract was ratified and that her termination would be reduced to a suspension without pay. The membership, however, rejected the tentative agreement. The Union and Caneel Bay resumed negotiations and formed a new agreement on August 16, 1986. This new agreement provided that plaintiff "has been offered the opportunity to return to her for-

271

mer job, as a result of this agreement." This version was ratified by the Union membership. The parties do not dispute that, under the agreement, Caneel Bay would not give plaintiff back-pay.

Plaintiff did not accept the offer to return without back-pay. In September, shortly after the ratification of the agreement, she told Cephus Rogers, the union representative, that she was not interested in returning to work for Caneel Bay, but would prefer to get some money to resolve the dispute. The union representative told plaintiff that he "would make an attempt to get some money for her." The union representative testified at deposition that he had no further discussions with plaintiff after this September meeting.

The union representative sent a letter to Caneel Bay on plaintiff's behalf on October 23, 1986 indicating that plaintiff "would entertain a monetary settlement of her case in lieu of returning to work at Caneel Bay." The letter noted that Caneel Bay would save over seven thousand dollars in arbitration and legal fees settlement and requested that Caneel Bay "make a reasonable offer." The union representative stated that, if no settlement could be achieved, the union was prepared to arbitrate the dispute immediately.

During this period, plaintiff also hired counsel who began corresponding with the union representative. This correspondence culminated in a letter dated December 15, 1986, in which an attorney associated with the law offices of plaintiff's counsel wrote:

> Despite my multiple attempts to contact you, through written correspondence, the most recent dated November 13, 1986, and by telephone, on numerous occasions, up to and including the present date, I have received no response from you.
>
> Please provide us with a response, either by letter or telephone, regarding the status of [plaintiff's] grievance proceedings. If we do not hear from you within ten (10) days of the date herein, we will pursue our client's legal remedies through other channels.

The parties do not dispute that the union representative did not respond to this letter.

On December 16, 1986, in a letter to the union representative, counsel for Caneel Bay rejected the union's attempt to arbitrate the dispute because (1) the matter was settled by the agreement between Caneel Bay and the Union, and (2) Caneel Bay and the Union, in the agreement, did not resolve the manner by which they would resolve grievances that involved a guest as a witness. There is no

272

evidence that plaintiff knew of this letter. Likewise, on December 16, 1986, the Federal Mediation and Conciliation Service wrote Caneel Bay and the union representative submitting a panel of arbitrators. There is no evidence that plaintiff knew of this letter.

On November 27, 1987, plaintiff brought this "hybrid" action against her former employer, Caneel Bay, for wrongful discharge and breach of a collective bargaining agreement and against her union for breach of its duty of fair representation and breach of contract. She also sues Kathy and Randy Crumpler for libel and slander.

The Union has moved for summary judgment based on the six month statute of limitations.[1] The Union also claims that it is entitled to reasonable attorney's fees for defending this action because plaintiff's complaint was clearly time-barred when it was filed.

Defendant Caneel Bay has moved for summary judgment asserting that, to the extent plaintiff's complaint asserts claims for wrongful discharge and defamation, these claims are preempted by section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C.§ 185 (1978). Defendant Caneel Bay contends that, as such, the claims are time-barred by the six month statute of limitations. In the alternative, Caneel Bay argues that plaintiff's claims have been settled by its agreement with her union. Finally, Caneel Bay asserts that any communication that might give rise to plaintiff's claim for defamation is privileged; therefore, it is entitled to summary judgment on the issue.

Plaintiff concedes that her action is governed by the six month statute of limitations; however, she argues that the time period did not begin to run against Caneel Bay or the Union because the Union has not yet unequivocally announced to her that further proceedings by the Union on her behalf would be futile. She claims that, as far as she knew, the Union was still negotiating on her behalf after the Union representative failed to comply with her attorney's demand for information on the status of her case within ten days. In the alternative, plaintiff requests that this court equitably toll the running of the limitations period. Plaintiff also argues that her claim against Caneel Bay was not settled by the agreement between Caneel Bay and the Union. Finally, she contends that further discovery is needed to determine whether Caneel Bay's alleged defamatory statements are privileged.

---

[1] The Union argues only procedural grounds for the motion, but reserves the right to address the merits if this motion is denied.

## II. DISCUSSION

A. *The Summary Judgment Standard*

■■ The standard for granting summary judgment is a stringent one, but it is not insurmountable. A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986); Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir. 1983). In deciding whether there is a disputed issue of material fact the court must view all doubt in favor of the nonmoving party. Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983), cert. denied, 465 U.S. 1091 (1984); Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 874 (3d Cir. 1972). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

■■ Recent Supreme Court decisions mandate that "a motion for summary judgment must be granted unless the party opposing the motion can produce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 618 (3d Cir. 1987) (Becker, J., concurring) (citing Anderson, 477 U.S. 242, and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Moreover, once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, even if the movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. Anderson, 477 U.S. at 249–50.

B. *Timeliness of Plaintiff's "Hybrid" Claim*

■ An individual employee may bring suit against his or her employer for breach of a collective bargaining agreement; however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement before bringing suit in federal court. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 163 (1983) (citing Republic

Steel Corporation v. Maddox, 379 U.S. 650 (1965); Smith v. Evening News Ass'n, 371 U.S. 195 (1962)). The United States Supreme Court recognized that this rule may work an unacceptable injustice when the union representing the employee in the grievance or arbitration procedure acts in a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 177 (1967) (duty of representative organization to serve those deprived of ability to bargain individually to serve interests of all members without hostility, discrimination, arbitrariness and to exercise discretion with complete good faith and honesty). Under these circumstances, the employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding. Id. The suit against the employer for breach of the collective bargaining agreement rests on section 301 of the LMRA; the suit against the union is one for breach of its duty of fair representation, which is implied under the scheme of the National Labor Relations Act, 29 U.S.C. § 151 et seq. ("NLRA"). DelCostello, 462 U.S. at 164. The United States Supreme Court has noted that "the two claims are inextricably interdependent. 'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.'" Id. at 164–65 (quoting United Parcel Service v. Mitchell, 451 U.S. 56, 66–67 (1981)).

■ The statute of limitations for this "hybrid section 301/fair representation" action is governed by section 10(b) of the NLRA. Id. at 171. In DelCostello, the Supreme Court "borrowed" the statute of limitations set forth in section 10(b), which establishes a six month period for making charges of unfair labor practices to the National Labor Relations Board ("NLRB"), because the NLRB has consistently held that all breaches of a union's duty of fair representation are, in fact, unfair labor practices. Id. at 155, 170. This six month statute of limitations applies to the actions against the union and the employer. Plaintiff's claims against the Union and Caneel Bay, therefore, are barred if she did not file suit before the six month period expired from the date her cause of action accrued.

The parties dispute the date of accrual for statute of limitations purposes. Plaintiff contends that she still has not received unequivocal notice of the union's refusal to pursue the matter further. The

United States Supreme Court has created a case-by-case standard to determine the date of accrual that turns on the issue of when it becomes clear that further appeals within the union's procedure would be futile. See Clayton v. Automobile Workers, 451 U.S. 679, 689–93 (1981); Scott v. Local 863, International Brotherhood of Teamsters, 725 F.2d 226, 229 (3d Cir. 1984); Goclowski v. Penn Central, 571 F.2d 747, 758 (3d Cir. 1978).

The United States Court of Appeals for the Third Circuit has held that the proper standard for the date the cause of action accrues is "when the futility of further union appeals became apparent or should have become apparent to . . . plaintiffs." Scott, 725 F.2d at 229. In Scott, the Third Circuit remanded to the district court to determine when the futility of further union appeals became apparent or should have become apparent to plaintiffs. Id. On February 5, 1982, Local 863 unequivocally advised counsel for plaintiffs that it did not intend to proceed to arbitration on their behalf. Id. at 227. Plaintiffs' attorney replied by letter that plaintiffs would appeal the decision of Local 863 to the local and regional joint counsel of Teamster locals and to the union's international. Id. The joint council responded on February 22, 1982 that the matter was within the sole discretion of Local 863; the international did not respond. Id. Local 863 granted plaintiffs' last appeal to its executive board by letter dated March 5, 1982; however, it advised plaintiffs on April 7, 1982 that it would not proceed to arbitration. Id. The Third Circuit remanded to the district court for a determination whether the April 7, 1982 letter tolled the six month statute of limitations. Id. at 229.[2]

---

[2] In a concurring opinion, Judge Becker suggested that the court's standard that the cause of action accrues "when the futility of further union appeals became apparent or should have become apparent to . . . plaintiffs," see id., permitted union officials to be equivocal or contradictory in their communications with dissatisfied members and to obscure the time at which the member would know that further exhaustion would be futile. Id. at 230 (Becker, J., concurring). Judge Becker suggested that the statute of limitations should run:

only from the time that the employee has received from [the union] a clear, written statement telling him [or her] that further internal appeals are futile, and the time for judicial action has begun. . . . Alternatively . . . the union may start the statute of limitations running by waiving (in equally express terms) any reliance on its right under Clayton [v. Automobile Workers, 451 U.S. 679, 689 (1981)] to bar suits for failure of the employee to exhaust internal union remedies.

Id. at 231 (Becker J., concurring). The Third Circuit has not adopted this bright line rule for determining when the statute of limitations begins to run.

Courts within the Third Circuit have continued to apply this case-by-case analysis of the particular facts to determine when the futility of further internal procedures became apparent or should have become apparent to plaintiff. See, e.g., Childs v. Federation Brotherhood of Maintenance Way Employees, 831 F.2d 429, 436 (3d Cir. 1987) (cause of action against union accrues when final decision of Board rejecting plaintiff's claim issued, notwithstanding plaintiff's knowledge of union's deficient representation before Board); Grasty v. Amalgamated Clothing & Textile Workers Union, AFL–CIO, CLC, 828 F.2d 123, 133 (3d Cir. 1987) (remanded to consider whether letters, telephone calls, and petitions to Joint Board constitute attempts to exhaust internal union remedies to toll statute of limitations), cert. denied, 484 U.S. 1042 (1988); Lewis v. International Brotherhood of Teamsters, Local 771, 826 F.2d 1310, 1318 (3d Cir. 1987) (remanded for determination when plaintiffs received notice that they would not be permitted to vote on absentee policy); Nicely v. USX, 709 F. Supp. 646, 648 (W.D. Pa. 1989) (dispute as to date of union's notice to plaintiff that union withdrew plaintiff's grievance is genuine issue of material fact that precludes summary judgment); Marczinko v. Local 249, General Teamsters, Chauffeurs, & Helpers, 630 F. Supp. 407, 410 & n.2 (W.D. Pa. 1985) (plaintiffs should have realized they had exhausted internal remedies when international union failed to respond to request for information regarding disposition of their appeal), aff'd without opinion, 804 F.2d 1247 (3d Cir. 1986); Papianni v. International Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 11, 622 F. Supp. 1559, 1577 (D.N.J. 1985) (union's affirmatively misleading letters to plaintiffs do not trigger start of stature of limitations period); Illis v. United Steelworkers of America, AFL/CIO–CLC, 615 F. Supp. 1081, 1086 (D.C.V.I. 1985) (plaintiff did not exercise reasonable diligence by failing to act after time for contractually mandated grievance meeting passed and he failed to receive reply from employer); Muldoon v. Service Employees International Union, Local 252, 609 F. Supp. 842, 846–47 (E.D. Pa. 1985) (plaintiff's filing claim under state unemployment statute does not toll statute of limitations); Bey v. Williams, 590 F. Supp. 1150, 1153, 1154 (W.D. Pa. 1984), aff'd, 782 F.2d 1026 (3d Cir. 1986) (plaintiff's filing charge against union with NLRB does not toll statute of limitations period for district court action because administrative relief does not preclude pursuit of judicial remedies).

Notably, a union need not inform the employee of his or her grievance's progress or notify the employee that the organization's own

effort toward a private resolution of the dispute has ended. Balsavage v. Ryder Truck Rental, Inc., 712 F. Supp. 461, 468 (D.N.J. 1989) (citing Bazarte v. United Transportation Union, 429 F.2d 868, 872 (3d Cir. 1970) and Demars v. General Dynamics Corp., 779 F.2d 95, 98 (1st Cir. 1985)). The statute begins to run when plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the acts forming the alleged violation. Id. (citing Hersh v. Allen Products Co., Inc., 789 F.2d 230, 232 (3d Cir. 1986)).

■ Here, plaintiff contends that the Union has not given her unequivocal notice that further proceedings would be futile; thus, the statute of limitations has not yet run. The proper standard, however, does not require unequivocal notice from the Union; rather, the limitations period begins to run "when the futility of further union appeals became apparent or should have become apparent to . . . plaintiffs." Scott, 725 F.2d at 229. The statute begins to run when plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the acts forming the alleged violation. Balsavage, 712 F. Supp. at 468. Plaintiff met with the union representative in September 1986. At that time, the union representative told plaintiff that he would attempt to extract a monetary settlement from Caneel Bay. Plaintiff's final communications with the Union occurred on October 23, 1986, when the union representative copied plaintiff on a letter to Caneel Bay suggesting settlement. Although plaintiff's counsel attempted to ascertain the status of the grievance with the Union in December 1986, he received no response despite the ten day time limit. Yet plaintiff did not file this suit until November 27, 1987, more than eleven months after counsel's unanswered inquiry on the status of plaintiff's grievance. Plaintiff received no communication from the union during these eleven months to suggest that the union continued to represent her interests. Rather, she had only the September 1986 promise of the union representative that he "would try to get some money" for her.

This court finds that the six month statute of limitations expired before plaintiff filed her complaint on November 27, 1987. Clearly, plaintiff knew or should have known that the Union no longer represented her interests against Caneel Bay before May 27, 1987; by that date, plaintiff had not communicated with the Union or its representative in over seven months and her attorney had received no response in over six months to his inquiry on the status of her grievance. During this time, plaintiff was aware that the Union had

incorporated her grievance in the collective bargaining agreement with Caneel Bay; thus, the alleged acts that support her claims for breach of fair representation and breach of the collective bargaining agreement had already occurred. The statute of limitations could only be tolled while plaintiff exhausted the available internal grievance procedures. Yet plaintiff took no further action. Plaintiff did not pursue the Union on the status of her grievance between December 1986 and November 1987 despite the obviously inadequate response from the Union. By her failure to continue to press the Union for an answer on the status of her grievance, plaintiff failed to exercise reasonable diligence to ascertain whether further union appeals were futile. Through the exercise of reasonable diligence, plaintiff could have ascertained that the Union would not proceed with arbitration and that it could not extract a monetary settlement on her behalf.

 The Union had no obligation to inform plaintiff of her grievance's progress or to notify plaintiff that the Union's own effort toward a private resolution of the dispute had ended. See Balsavage v. Ryder Truck Rental, Inc., 712 F. Supp. 461, 468 (D.N.J. 1989); Bazarte v. United Transportation Union, 429 F.2d 868, 872 (3d Cir. 1970). The court notes that plaintiff was represented by counsel during the eleven months between her last communication with the Union and her filing suit. Plaintiff, therefore, is not an uninformed or ignorant employee who must blindly trust her union. The court concludes that, as a matter of law, plaintiff could have ascertained that further union procedures would be futile before May 27, 1987; therefore, plaintiff's claims against the Union and Caneel Bay are barred by the six month statute of limitations.

## C. *Plaintiff's Defamation Claim*

Plaintiff also asserts a cause of action against Caneel Bay for defamation for its alleged publication of a written statement accusing plaintiff of dishonesty. She concedes, however, that statements made within the context of a grievance proceeding are absolutely privileged. Plaintiff requests additional time for discovery to determine whether the alleged defamatory statements were made in the course of the grievance procedure.

 An employee who is represented by and joins a union thereby consents to any possible defamatory statements between union and company representatives relating to the union's role as collective bargaining representative. Joftes v. Kaufman, 324 F. Supp.

660 (D.D.C. 1971); Ernst v. Indiana Bell Telephone Co., 475 N.E.2d 351 (Ind. App. 1985) (under Restatement of Torts, employer statements made during course of grievance process are absolutely privileged under doctrine of consent). Additionally, federal labor policy mandates that statements and writings of participants in the collective bargaining process, including grievances, are not subject to suit for defamation. General Motors Corp. v. Mendicki, 367 F.2d 66, 70–71 (10th Cir. 1966). Thus, Caneel Bay's alleged statements accusing plaintiff of dishonesty are absolutely privileged if made during the course of the grievance process.

Caneel Bay also argues that the alleged defamatory statements are covered by a conditional privilege under the Restatement of Torts (Second) § 596 (1977), which provides a condition privilege for communications among persons with common interests. The privilege is not available if the publisher abuses it; its protection is lost, inter alia, by the publisher's knowledge or reckless disregard for the falsity of his or her statement. See id. §§ 600, 602–604. The cases cited by Caneel Bay in which the court dismissed plaintiffs' defamation claims were each decided on grounds other than the conditional privilege as provided in the Restatement; therefore, they are not persuasive here. See Shamley v. ITT Corporation, 869 F.2d 167, 172–73 (2d Cir. 1989) (defamation claim barred by New York statute of limitations; alternatively, failure to plead malice by superiors in evaluating employees inadequate to state claim for defamation); Dwyer v. Smith, 867 F.2d 184, 195 (4th Cir. 1989) (absence of any evidence of malice supports directed verdict under Virginia common law); Rouly v. Enserch Corporation, 835 F.2d 1127, 1130 (5th Cir. 1988) (absence of evidence of malice supports dismissal of defamation claim under Louisiana common law). In light of this court's determination that Caneel Bay's statements, if made in the course of the grievance process, are absolutely privileged, the court need not address whether the statements are protected by the conditional privilege.

Once the moving party has established an absence of a genuine issue of material fact, plaintiff must come forward with probative evidence to survive a motion for summary judgment. Caneel Bay has established that its statements are entitled to an absolute privilege if made in the course of processing plaintiff's grievance. Plaintiff, however, has failed to produce any evidence that Caneel Bay made a defamatory statement outside the course of the grievance proceedings. First, plaintiff has failed to come forward with any written

statement of Caneel Bay that accuses her of dishonesty. Second, even if such a written statement exists, plaintiff has not offered any evidence that such a statement was made outside the course of the grievance proceedings. Plaintiff has failed to come forward with any evidence that establishes a genuine issue of material fact. The court, therefore, will grant summary judgment for Caneel Bay on plaintiff's defamation claim.

## D. *Plaintiff's Motion to Amend the Complaint*

Plaintiff moves to amend the complaint to add a claim that Caneel Bay wrongfully terminated her employment in that "[h]er firing was due to the negligent failure of the hotel to accord the plaintiff her rights as specified by the existing Union Agreement." Likewise, plaintiff seeks to amend her claim for defamation against Caneel Bay to include the negligence of its employees in publishing a written statement accusing plaintiff of dishonesty. Plaintiff also seeks to amend her claim against the Crumplers to include a claim of negligently making defamatory statements.

Rule 15(a) of the Federal Rules of Civil Procedure provides that, unless a party may amend its pleading as a matter of course, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff has amended her complaint once before; therefore, leave of court is required here.

In its opposition to plaintiff's motion, Caneel Bay argues that the amendment of this complaint is plaintiff's attempt to circumvent the two year statute of limitations on negligence actions. Plaintiff would be barred from filing a separate suit for negligence from events stemming from incidents between June 1986 and December 1986. Examining the proposed amendments to the complaint, the court notes that the amendment claiming that Caneel Bay wrongfully terminated her employment in that "[h]er firing was due to the negligent failure of the hotel to accord the plaintiff her rights as specified by the existing Union Agreement" is essentially a claim that Caneel Bay breached the collective bargaining agreement. This claim is barred by the six month statute of limitations.

Additionally, this court has already determined that plaintiff has not come forward with any evidence to support her claim that Caneel Bay made defamatory statements outside the course of the union's grievance procedure, whether negligently or intentionally. The claim would likewise be dismissed with the language proposed by plaintiff;

thus, this court will not permit plaintiff to amend the complaint for this futile purpose. See Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (trial court did not abuse discretion in denying plaintiff's motion to amend complaint where new cause of action subject to same statute of limitations that led to dismissal of original cause of action).

██ Next, plaintiff seeks to add the term "negligent" and "negligently" to her claim that the Crumplers made defamatory statements that injured her. Under the Restatement (Second) of Torts § 577 (1977), "[p]ublication of a defamatory matter is its communication intentionally or by a negligent act to one other than the person defamed." Id. Additionally, under the Restatement (Second) of Torts § 580B (1977), publication of a false and defamatory statement concerning a private person subjects the publisher to liability only if he or she "(a) knows that the statement is false and that it defames the other, (b) acts in a reckless disregard of these matters, or (c) acts negligently in failing to ascertain them." Id. The definition of the cause of action includes the terms that plaintiff seeks to add to her complaint; therefore, the amendment adds nothing to the substance of the lawsuit. The court concludes that amendment at this late date would add nothing to the content of plaintiff's complaint, but may serve to delay further the completion of discovery, the filing of the pretrial order, and the trial of this matter. Justice does not require that leave be granted under the circumstances. The court, therefore, will deny plaintiff's motion to amend the complaint to include the terms "negligent" and "negligently."

## III. CONCLUSION

This court concludes that plaintiff's claim of breach of a collective bargaining agreement against Caneel Bay and breach of duty of fair representation against the Union are barred by the statute of limitations. Further, this court concludes that Caneel Bay is entitled to summary judgment on plaintiff's claim of defamation because statements made within the course of a grievance proceeding are absolutely privileged. Plaintiff has failed to come forward with any evidence that Caneel Bay made any statement that falls outside this absolute privilege.

An appropriate order will be entered.

## ORDER

This matter having come before the court on the motion of defendants Caneel Bay, Inc. Rock Resorts, Inc., and Jackson Hole Preserve, Inc. for summary judgment and the motion of defendant United Steelworkers of America, AFL–CIO, Local 8249 for summary judgment; and

For the reasons stated in the court's opinion of this date;

IT IS on this 10th of August, 1990 hereby

ORDERED that the motion of defendants Caneel Bay, Inc., Rock Resorts, Inc., and Jackson Hole Preserve, Inc., for summary judgment is GRANTED and the complaint is DISMISSED WITH PREJUDICE as to defendants Caneel Bay, Inc., Rock Resorts, Inc., and Jackson Hole Preserve, Inc.

IT IS FURTHER ORDERED that the motion of defendant United Steelworkers of America, AFL–CIO, Local 8249 for summary judgment is GRANTED and the complaint is DISMISSED WITH PREJUDICE as to defendant United Steelworkers of America, AFL–CIO, Local 8249.

IT IS FURTHER ORDERED that the joint motion of defendants Caneel Bay, Inc., Rock Resorts, Inc., Jackson Hole Preserve, Inc., and United Steelworkers of America, AFL–CIO, Local 8249 to adjourn the trial date is DENIED AS MOOT.

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint is DENIED.

No costs.