**INOCENCIA GREEN, Plaintiff**

**v.**

**HESS OIL VIRGIN ISLANDS CORPORATION AND
GENERAL MOTORS CORPORATION, Defendants**

Civil No. 464/1992

Territorial Court of the Virgin Islands

Div. of St. Croix: Kingshill

February 15, 1994

RONALD E. RUSSELL, ESQ., Frederiksted, St. Croix, V.I., *for plaintiff*

BRITAIN H. BRYANT, ESQ., Christiansted, St. Croix, V.I., *for Hess Oil Virgin Islands Corp.*

JUDITH A. TURNER, ESQ., Christiansted, St. Croix, V.I., *for General Motors Corp.*

PETERSEN, *Senior Sitting Judge*

## MEMORANDUM OPINION AND ORDER

This matter comes before this Court on Defendant General Motors Corporation's Motion for Summary Judgment and Plaintiff's Motion to Compel Responses from General Motors Corporation (hereinafter "GMC") to Plaintiff's Interrogatories and Request For Production. Also pending is Plaintiff's Motion for Discovery and Pretrial Conference. For the reasons stated herein, Defendant's Motion for Summary Judgment is denied at this time. Defendant is required to respond to the pending interrogatories regarding the issue of GMC's control over any modifications to the cab and chassis.

## FACTS

Plaintiff filed a complaint against Hess Oil Virgin Islands Corporation (hereinafter "HOVIC") and GMC following an accident while working for United Dominion Constructor, Inc., a subcontractor at the Hess Oil refinery on St. Croix. The Plaintiff alleges she was struck in her back by a GMC Chevrolet flatbed two-ton truck while it was reversing without signal or warning, causing severe injury to her lower back and other parts of her body.

Plaintiff contends that GMC failed to provide an adequate warning system on the truck and failed to properly design, modify and manufacture the truck. The Plaintiff further claims these defective conditions were the direct and proximate cause of her injuries. Plaintiff argues that GMC is liable for her injuries under the principles of the strict products liability rule.

GMC filed a Motion for Summary Judgment on the basis that it manufactured an incomplete cab and chassis which was substantially modified after it left the custody and control of GMC. GMC

contends that under the strict products liability rule it is not liable for the subsequent modifications made to the chassis by a third party after it left their custody and control. GMC further asserts that the cab and chassis are not defectively designed or manufactured.

Following the Motion for Summary Judgment, Plaintiff simultaneously filed papers opposing GMC's Motion for Summary Judgment and moved to compel responses from GMC to Plaintiff's Interrogatories and Request For Production. Plaintiff opposes the Motion for Summary Judgment on the basis that discovery has not been completed and Defendant GMC has failed to provide responsive answers to interrogatories and likewise failed to produce documents.

Plaintiff provided GMC with Plaintiff's First Set of Interrogatories on September 30, 1992. Defendant GMC responded on November 23, 1992 to the majority of the questions that GMC did not possess the vehicle identification number and therefore could not provide the requested information. Supplemental responses were provided by GMC on May 3, 1993.

Additionally, Plaintiff requests that this Court schedule a Discovery and Pretrial Conference to address outstanding discovery matters.

## DISCUSSION

The Plaintiff relies on the principles of the Strict Products Liability Rule to establish the Defendant's liability for her injuries. The Strict Products Liability rule in pertinent part states:

(1) One who sells any product in a defective condition unreasonable dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if. . .

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Specifically at issue in this case is whether the vehicle was defective when sold and whether there was substantial change in the condition in which the truck was sold by GMC. The defendant argues that it is entitled to Summary Judgment because the vehicle was not defectively designed or manufactured and the vehicle was substantially modified after it left the custody and control of GMC.

29

■ ■ Rule 56 provides that summary judgment is required when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c) Fed. R. Civ. P. The Court is required to view all doubt in favor of the non-moving party when deciding whether there is a disputed issue of material fact. Clint Aero, Inc. v. Ground Services. Inc., 25 V.I. 446, 448 (Dist. Ct. STT/STJ, 1990). A genuine issue of fact exists where only a fact finder can properly resolve the issues because they may reasonably be resolved in favor of either party. Harrigan v. Caneel Bay, Inc., 25 V.I. 268, 274 (Dist. Ct. STT/STJ, 1990).

This Court is faced with the issue of whether there are no genuine issues of material fact therefore warranting Summary Judgment in favor of the Defendant. However, this Court must consider Plaintiff's need to have discovery completed to prepare for trial, the incompleteness of which Plaintiff urges limits her ability to adequately respond to the Motion for Summary Judgment.

■ Count II of the complaint alleges that GMC failed to properly design, modify and manufacture the truck. It further alleges that GMC negligently and grossly negligently placed in the stream of commerce a truck that did not have an adequate warning system or proper safety devices. In deciding cases of negligent design on strict liability principles courts have recognized no practical difference in the application of negligence principles. Holman v. Mark, 610 F.Supp. 1195, 1202 (D.Ct. Md. 1985).

In Holman, the manufacturer was not strictly liable nor liable under a theory of negligent design because there was abnormal usage and mishandling of the equipment after leaving the manufacturer's possession. The court in Holman also based its decision on the finding that had the machine been in the condition it was in when it left the manufacturer the accident would not have occurred. Id.

The record before this Court does not report abnormal usage and mishandling of the truck, nor is the record sufficient to support a finding at this time that the accident would not have occured had the truck been in the same condition as when it left GMC's custody. The distinguishable factors in Holman makes it weak authority to support a Motion for Summary Judgement.

30

■ GMC does not argue about whether or not the truck involved in the accident should have been equipped with a warning device. Rather, the Defendant argues that the responsibility for installing a warning device, if one is required, rests with a third party. In the present case, assuming there is defect in the truck because of the lack of a reverse warning signal, the issue becomes "whether the responsibility for installing such a device should be placed solely upon the company that manufactured the cab and chassis, or solely upon the company who modified the chassis . . . or upon both." Verge v. Ford Motor Co., 581 F.2d 384, 385. The Court in ascertaining who is responsible for installing warning systems must at least look at the following factors: 1) Trade Custom; 2) Relative Expertise; and 3) Practicality. Id.

In order to apply this test, the truck in final form must be the result of "substantial" work by more than one party. In Verge, it was well established that a company of separate identity to Ford, the manufacturer in that case, had made the changes to the cab and chassis to be equipped as a garbage truck. The modifications entailed cutting four to six feet from this chassis, placing the compactor unit on the chassis, and some electrical hook-ups. These modifications were sufficient to be considered "substantial" work by a third party warranting the application of the test to determine responsibility for the absence of a warning system. Id. at 387.

In this case, GMC asserts that it sold a cab and chassis which was substantially modified by a third party. To the contrary however, the Plaintiff contends that without further discovery it is uncertain whether a third party or GMC in fact made subsequent changes to the cab and chassis. Plaintiff argues that because Defendant has failed to participate completely in the discovery process, she is unable to show whether or not a third party in fact contributed to the completion of the truck in question.

In reviewing the pertinent questions and answers proffered by the Defendant, this Court must concur with the Plaintiff. Although GMC has answered the questions, the replies are such that the Plaintiff is called to synthesize several other responses to ascertain an answer, the questions have not been answered, or the Plaintiff is sent on a fishing expedition to retrieve answers the Defendant could have painlessly delivered.

■■ Discovery, including the use of interrogatories, is a mechanism allowed by the Rules of Civil Procedure to perpetuate an

efficient justice system by enabling each party to develop its case. Rule 37(a)(2) of the Fed. R. Civ. P. permits this court to compel responses to the interrogatories when a party fails to respond. Evasive or incomplete answers are considered a failure to answer. Rule 37(a)(3); E.g., Cone Mills Corp. v. Bancroft & Sons Co., 33 F.R.D. 318, 324 (D.Del 1963).

The interrogatories were sent to the Defendant on September 30, 1992. Two months later, on November 23, 1992, GMC elected to rely on the fact that it had not obtained the Vehicle Identification Number to avoid answering the questions. In addition to choosing the easy way out on November 23, 1992, GMC then on May 3, 1993, some five months later still supplemented the initial responses with indirect and incomplete answers.

Defendant now moves that this Court entertain a Motion for Summary Judgment while it has failed to adequately cooperate in discovery. Plaintiff contends that this discovery will shed light on disputed material facts which only the jury may resolve.

This Court is not inclined to consider as "answers" the responses the Defendant has provided to the interrogatories. For instance Interrogatory No. 13 specifically requests: "State what substantial modifications or alterations of the subject vehicle were made, by whom they were made . . . .". Although an invoice prepared by Defendant could easily have generated a response, Defendant chose to not answer the question completely. Defendant failed to provide the name of the person to whom the truck was allegedly sold or to advise the Plaintiff that it lacked the knowledge to respond to the question. A response to this question is critical to the Plaintiff's basis for suing the Defendant.

There is considerable precedent establishing the responsibility of a third party for incorporating the warning devices in cab and chassis which they purchase and modify. However, since it is Plaintiff's contention that a third party may in fact not be involved, discovery will be limited to ascertaining whether in fact GMC sold a cab and chassis which was then substantially modified by a third party. In ruling on a Motion for Summary Judgment, Rule 56 states that the Court is to look at "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . .". Since the Court is to look at answers to the interrogatories and indirect responses are not answers, this Court must deny the Motion for Summary Judgment at this time. Defendant is ordered

to provide answers to the outstanding interrogatories regarding GMC's control over any modifications to the cab and chassis.

## ORDER

IN ACCORDANCE with the Memorandum Opinion entered herein, it is

ORDERED that Defendant's Motion for Summary Judgment is denied at this time; and it is further

ORDERED that Defendant respond to pending interrogatories as stated in the memorandum herein within ten (10) days from the date hereof; and it is further

ORDERED that Counsel shall not file motions relating to discovery without first making good faith efforts to resolve the dispute without need for Court action.