# IN THE MATTER OF THE ESTATE OF MARY PHILLIP, Deceased

Probate No. 17/1998

Terr. Court of the Virgin Islands

Division of St. Croix

April 26, 1999

ALLAN A. CHRISTIAN, *Attorney for the Estate*, Fredriksted, St. Croix, U.S.V.I.

J. H. ISHERWOOD, *Attorney for the Claimant*, Christiansted, St. Croix, U.S.V.I.

STEELE, *Judge*

## MEMORANDUM OPINION

Both parties in this matter have presented summary judgment motions to the Court which seek a determination as to the particular type of ownership interest the decedent held in certain real property at the time of her death. It is the Estate's contention

that the decedent, Mary Phillip, along with her daughter, the Claimant, possessed this property as tenants in common. Therefore, upon the death of the decedent, her interest in the property was retained by her estate, and should be devised pursuant to her last will and testament.

In opposition, the Claimant, Caroline Hosear, maintains that she and her mother owned the property as joint tenants. To support this assertion, the Claimant relies on the express language found in the judicial instrument which served to transfer title to herself and the decedent. This Territorial Court adjudication vested all rights, title and interest in the property to these two individuals as joint tenants. Coupled with the decedent's death, Claimant contends that as the sole surviving joint tenant, she is now entitled to full ownership of the property.

To resolve this dispute, the Court must first establish what elements are necessary to form a valid joint tenancy. Once this has been concluded, each parties respective summary judgment motions will be examined to determine if the requisite burden of proof has been met.

## I. FACTUAL BACKGROUND

The real property at issue in this action is Plot No. 22BB Estate Stoney Ground. The relevant facts surrounding this controversy are both straightforward and uncontested. For the most part, they revolve around the occurrences which took place during the probate proceedings of Cecil Alexander, Probate No. 158/77. Alexander had been the owner of Plot No. 22BB Estate Stoney Ground prior to his death on February 24, 1976. As Alexander had failed to execute a testament during his lifetime, the disbursement of his estate was controlled by the Virgin Islands Code. In his case, it was his surviving spouse and their minor daughter who were statutorily entitled to the estate's property, with the former of these recipients being the decedent in this current action, while the latter is the Claimant.

The decedent, as the surviving spouse, hired Attorney Allan A. Christian[1] to probate her husband's estate. It was decided to

---

[1] Attorney Christian is the current counsel for the Mary Phillip estate.

conclude this probate without administration, and a petition was filed on July 7, 1977. While this instrument included most of the requisite factual information required by law and adequately identified the two intestate heirs, it did not specifically set forth the proportions of the estate each individual was to receive. Nevertheless, it did cite the statute in the Code which contains the descent and distribution calculation formula.

Since the Claimant was a minor during these proceedings, it was necessary for the Court to appoint a guardian ad litem to represent her interest in her father's estate. Upon Attorney Christian's request, Attorney Gregory Miller was designated by the Court to serve in this capacity. Although Attorney Miller had executed both a consent to the appointment and an affidavit listing his qualifications for such a position, he did not submit an answer to the probate petition on behalf of the minor. On February 16, 1978, the date Attorney Miller was appointed as the Claimant's guardian ad litem, an adjudication was entered into by the Court which concluded the Alexander estate. In this judgment, the decedent and the Claimant were vested with all right, title and interest in Plot No. 22BB of Estate Stony Ground as "joint tenants."

After her husband's death, the decedent married Clovelle Phillip, with this union remaining intact until she passed away on September 25, 1997. Prior to her demise, the decedent executed a Will dated January 26, 1994 which not only named her surviving spouse as the sole residual beneficiary, but also expressly devised Plot No. 22BB Estate Stony Ground to him.[2] The validity of this testament has not been challenged by any party, and only the alleged corpus of the decedent's estate is in question. Thus, the sole disputed issue is the form of tenancy which was held between the decedent and the Claimant in the real property.

## II. DISCUSSION

Purely on its face, this action seems to call for an obvious resolution in favor of the Claimant. An adjudication was entered

---

[2] The Court notes that the decedent's January 26, 1994 testament was notarized by Attorney Christian, and was apparently drafted by his law office, as the document was printed on paper containing the attorney's address block in the lower lefthand margin of each page of the Will.

into by the Territorial Court which proclaimed a transfer of title to the Claimant and the decedent as joint tenants. Therefore, as a rule of law, this property would automatically vest entirely in the Claimant since she is the surviving co-owner. However, the manner in which this joint tenancy originated is highly suspect. As no controlling statute or precedent exists in the Territory which provides the elements necessary to create a valid joint tenancy, the common law understanding of this form of ownership will need to be utilized so that this criteria may be determined.[3] Once these factors are identified, an individual assessment of each argument presented to the Court shall be set forth in this opinion, and a conclusion as to the type of tenancy in existence shall be established. Finally, the Court will address whether either party has met their burden so as to warrant the granting of a summary judgment.

The Territorial Court possesses original jurisdiction concurrent with that of the District Court to supervise and administer estates. *Machover v. Estate of Machover*, 28 V.I. 7, 23 (Terr. Ct. 1992). Thus, jurisdiction to entertain this action has been conferred upon the Court pursuant to 15 V.I.C. § 161[4] and 4 V.I.C. § 76.

## A. Joint Tenancy

A definition for joint tenancy has not been codified in the Virgin Islands, nor has such a definition been set forth in controlling case

---

[3] Common law is applicable to the Virgin Islands pursuant to 1 V.I.C. § 4, which provides:

> The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

V.I. CODE ANN. tit. 1, § 4 (1995).

[4] 15 V.I.C. § 161 provides in part:

> In addition to the jurisdiction and powers conferred upon it by other provisions of law, the district court has jurisdiction and the power to administer justice in all matters relating to the affairs of decedents, and, upon the return of any process, to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by citation, as to any and all matters necessary to be determined in order to make a full, equitable, and complete disposition of the matter by such order or decree as justice requires. . . .

V.I. Code Ann. tit. 15, § 161 (1996).

law. Nonetheless, the validity of this form of tenancy in the Territory is apparent by the express reference of this "joint tenant(s)" term in four separate Virgin Islands Code sections.[5] Therefore, to resolve this issue of first impression in the Territory, the Court shall seek guidance from the common law, as well as from applicable non-controlling precedent of other jurisdictions.

## 1. Essential Elements

An estate in joint tenancy is one held by two or more persons jointly, with each tenant possessing equal rights in the enjoyment of the property during their lifetime. 20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 3 (2d ed. 1995). The distinguishing characteristic of this form of tenancy is the right of survivorship. 20 *Id.* § 3; *Herring v. Carroll*, 300 S.E.2d 629, 631 (W.Va. 1983); *Krause v. Crossley*, 277 N.W.2d 242, 245 (Neb. 1979); 7 Richard R. Powell, *Powell on Real Property*, ch. 51-11 at ¶ 617[3] (Patrick J. Rohan former rev. ed., 1998). By virtue of this right, the death of one joint tenant automatically causes the entire estate to pass directly to the survivor tenant. 20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 3 (2d ed. 1995); *Krause*, 277 N.W.2d at 245. Should there be more than two joint tenants, the deceased joint tenant's interest would then pass to the surviving cotenants. In either case, the surviving joint tenant takes the estate free and exempt from all charges made by his deceased cotenant or cotenants. 20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 3 (2d ed. 1995).

At common law, it has been recognized that the unities of time, title, interest and possession must all be present in order to create a joint tenancy. *Foucher v. First Vermont Bank & Trust Co.*, 821 F.Supp. 916, 923 (D.Vt. 1993); *Herring*, 300 S.E.2d at 631; *Milliken v. First National Bank of Pittsfield*, 290 A.2d 889, 890 (Me. 1972); *Krause*, 277 N.W.2d at 245; *Carson v. Ellis*, 348 P.2d 807, 809 (Kan. 1960); 7 Richard R. Powell, *Powell on Real Property*, ch. 51-10 at ¶ 617[1]; 20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 4 (2d ed. 1995). To satisfy these requirements, each joint tenant "must have one and the same interest accruing by one and the same conveyance

---

[5] The term "joint tenant(s)" or "joint tenancy" is found in 15 V.I.C. § 88, 26 V.I.C. § 22 and 28 V.I.C. §§ 7 and 903.

commencing at the same time and held by one and the same undivided possession." *Carson*, 348 P.2d at 809.

The tendency of some decisions is to place more of an emphasis on the parties intentions rather than on the formal requirements normally necessary to create a joint tenancy. 20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 4 (2d ed. 1995). In fact, the four unities standard appears to have been abandoned by some jurisdictions. 20 *Id.* § 4. However, in the absence of statutory modification, the common law rule requiring that a joint tenancy contain all four unities will control. *Krause*, 277 N.W.2d at 245.

■ Since the Virgin Islands Code is silent as to the required elements needed to create and continue a joint tenancy, the Territory shall observe the four unities standard as understood at common law. This determination is based primarily on the Legislature's decision to neither define nor modify the common law rule concerning this form of tenancy. Thus, the unities of time, title, interest and possession must be present at all times in order to create and continue a joint tenancy in the Virgin Islands.

## 2. Creation of a Joint Tenancy

The Estate has presented three separate and distinct arguments to the Court as to why the property in question was held by the decedent as a tenant in common at the time of her death. Two of these arguments are premised on the rationale that a joint tenancy was not properly established, and therefore never existed. First, it is claimed that the instrument which created the co-ownership between the parties did not contain the specific survivorship language required to create a joint tenancy. Next, it is maintained that the Court exceeded the authority granted onto it by 15 V.I.C. § 84 when it conveyed the property to the parties as joint tenants. Finally, an alternative argument of termination has been set forth should the Court find that a joint tenancy was in fact created. The Estate claims that the decedent's testament severed the joint tenancy, and thus automatically converted the ownership interests in the property into a tenancy in common.

Merit is found in the Estate's assertion that the February 16, 1978 adjudication in the Cecil Alexander probate, 158/77, lacked the requisite authority necessary to create a joint tenancy. Prior to

discussing this argument however, the Court shall briefly entertain the Estate's two other arguments, and assign reasons as to why each failed.

It is maintained by the Estate that in order to create a valid joint tenancy, one must include the words "with the right of survivorship" in the conveyance. In support of this contention, the Estate points to the general presumption in the law which favors tenancies in common over joint tenancies. In fact, such a presumption exists in the Territory pursuant to 28 V.I.C. § 7 of the Virgin Islands Code.

An examination of this Code section however, reveals the flaw in the Estate's argument. The section itself utilizes only the term "joint tenants" without making any reference to the language "with the right of survivorship." Had the Legislature required such language, it would surely have included it. Additionally, it is recognized that the term "joint tenants," when used understandingly, may be deemed persuasive that the tenants hold jointly. 20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 18 (2d ed. 1995).

The Estate next presents a rather extensive argument concerning the decedent's January 26, 1994 testament, alleging that it successfully terminated the joint tenancy. It asserts that this document manifested the decedent's intent to transfer the property to her husband, Clovelle Phillip, thereby severing the joint tenancy and creating a tenancy in common.

■ The law appears to be well settled on this point. Although a joint tenancy can be severed, this severance must occur during the lifetime of the tenant. *United States v. Jacobs*, 59 S.Ct. 551, 555 (1939); *Matter of Estate of Ingram*, 874 P.2d 1282, 1286 (Okl. 1994). While a testament may indicate a change in intent with regards to the property, this instrument is not given effect until after the decedent's death, and thus may not operate to sever a joint tenancy. *Ingram*, 874 P.2d at 1286. A joint tenant may not devise their jointly held interest, because if another cotenant survives, there is no interest for the testament to transmit. 7 Richard R. Powell, *Powell on Real Property*, ch. 51-10 at ¶ 617[3]. Therefore, it is quite apparent to the Court that the decedent could not convert the tenancy of the property by merely creating a testament. To allow such a conversion would act to defeat the purpose behind joint tenancy.

43

It is the argument that questions the Court's authority to transfer real property to heirs as joint tenants which has coveted the greatest attention from this Court. A determination must be made as to whether the Court possesses such a power without first obtaining the express consent from those parties directly affected. Upon close analysis of the relevant Virgin Islands code sections, the Court holds that such a power to create a joint tenancy does not exist without there being either a testamentary instruction to this affect or express consent from the heirs who are to receive the property.

In arriving at this conclusion, the Court took into account the Territory's presumption against joint tenancies, along with its descent and distribution laws. Pursuant to 28 V.I.C. §7(b):

> Every conveyance or devise of lands or an interest therein, except as provided in subsection (c)[6] of this section, made to two or more persons, other than to executors and trustees as such, shall create a tenancy in common in such estate, unless it is expressly declared in the conveyance or devise that the grantees or devisees shall take the land as joint tenants.

V.I. CODE ANN. tit. 28, § 7 (1996) (Emphasis added by the Court).

The language contained in this subsection is both clear and unambiguous. Simply stated for purposes of this action, every devise of lands to two or more persons creates a tenancy in common unless said devise expressly declares that the devisees shall take the land as joint tenants. Thus, it is not within the Court's jurisdiction to unilaterally grant onto devisees property as joint tenants. Without express proof to the contrary contained in a testament, the Court must transfer the decedent's property to the heirs as tenants in common. Only the deceased possesses the power to devise his property to his devisees so that they take the land as joint tenants. As Cecil Alexander died intestate, no express

---

[6] Subsection (c) deals with a conveyance or devise of real property made jointly to a husband and wife creating an estate by the entirety, and thus does not pertain to this present action.

declaration of joint tenancy could exist, and the decedent and the Claimant would not inherit the land as joint tenants.

Nevertheless, the Court recognizes the right of devisees to come together as a group and unanimously choose to accept property of the deceased as joint tenants. Therefore, the decision as to the form of tenancy in existence between the decedent and the Claimant revolves around the actions taken by these individuals in the Cecil Alexander estate, Probate No. 158/77. It is apparent that the February 16, 1978 adjudication in that matter purportedly created a joint tenancy. What is not apparent, is whether the Court possessed sufficient authority from the heirs to initiate this form of ownership interest. For the reasons to follow, this Court finds that the parties did not provide the express desire or consent necessary to establish a joint tenancy, and thus a tenancy in common was created by default.

Turning to the four unities of joint tenancy, the Court notes that the requirements of time, title, and possession have been met. The decedent and the Claimant received their interests in the property at the same time and in the same title document, and their possession right was coequal. It is the undivided interest they each held in the property which is at issue. The law on descent and distribution for intestate estates in the Virgin Islands is found in 15 V.I.C. § 84.[7] Pursuant to this section, one-third (⅓) of Cecil Alexander's estate was to be distributed to his surviving spouse, the decedent, while the remaining two-thirds (⅔) was to pass to his only child, the Claimant. If this was indeed how the property was distributed, a joint tenancy could not exist, as the cotenants would hold dissimilar interests. However, the petition which was filed on behalf of Cecil Alexander's estate is silent as to any distributional

---

[7]This section provides in pertinent part that:

The real property of a deceased person, male or female, not devised, shall descend, and the surplus of his or her personal property, after payment of debts and legacies, and if not bequeathed, shall be distributed to the surviving spouses, children, or next of kin or other persons, in manner following:

(1) One-third to the surviving spouse, and the residue in equal portions to the children, and such persons as legally represent the children if any of them have died before the deceased.

V.I. CODE ANN. tit. 15, § 84 (1996).

45

proportions to the heirs. The Claimant points to this silence as proof that the parties intended to take equal percentages and accept the estate property as joint tenants. The Court does not share this interpretation.

While it is true that Terr. Ct. R. 191(c) requires that all probate petitions contain the proportion of the estate due each intestate heir, the Court is exceedingly reluctant to accept the absence of this data as the parties intent to enter into a joint tenancy. In fact, the Court finds this omittance to be more detrimental to the Claimant than the Estate. Considering the presumption against joint tenancies in the Territory, parties seeking to modify the Virgin Islands laws of distribution would need to specifically state so in the petition. In this case, the petition did not assert that the parties were to each receive one-half ($\frac{1}{2}$) of Cecil Alexander's property. Furthermore, the petition made no mention of establishing a joint tenancy.

A thorough review of the record for Probate No. 158/77 reveals no express request executed by the decedent, as the surviving spouse, which seeks to have a joint tenancy created between herself and her daughter. Indeed, the only time the term "joint tenant" appears in the record, is in the final adjudication which acts to transfer the property. More importantly however, the Guardian ad Litem for the Claimant never filed a consent to this form of tenancy. Although the Claimant, as the decedent's daughter, would arguably outlive her mother and thus benefit from a survivorship arrangement, she would have to expressly relinquish a one-sixth ($\frac{1}{6}$) portion of her inheritance to her mother in order to meet the requirements of a joint tenancy. This would be necessary, as each joint tenant must possess one and the same interest in the property. Therefore, the decedent and the Claimant must own an undivided one-half ($\frac{1}{2}$) interest.

It is imperative that such a relinquishment in a property right be expressly consented to by the minor's guardian. In effect, the February 16, 1978 adjudication in the Cecil Alexander probate, 158/77, divested the Claimant of one-sixth ($\frac{1}{6}$) of the property due her without her approval. The fact that this wrongful divestment worked to her advantage is inconsequential. The Court may not on its own initiative establish a joint tenancy in property. The Court

refuses to speculate as to how the "joint tenants" language came to be in the February 16, 1978 adjudication. It is a part of the instrument, and therefore has been allotted significant weight. Nonetheless, the Court will not enforce this portion of the judgment, as it was entered into without the proper judicial authority. As the adjudication deviated from normal intestate distribution law, it required express consent from both heirs in order to permit such a deviation. However, the record is void of any such consent from either heir.

■ The Court is mindful that the decedent is no longer with us to dispute the form of tenancy which was meant to be created between herself and the Claimant. The Court does note that the decedent's testament devised the real property in question as though it was owned as a tenancy in common. Nevertheless, the February 16, 1978 adjudication which professed to create a joint tenancy was issued without basis, and a tenancy in common was formed as of the date of the adjudication. Therefore, the Court finds the decedent owned a one-third (⅓) interest in Plot No. 22BB Estate Stoney Ground as a tenant in common, with the remaining two-thirds (⅔) belonging to the Claimant. Pursuant to her January 26, 1994 testament, the decedent devised this one-third (⅓) share to Clovelle Phillip, and upon the successful conclusion of the Mary Phillip estate, Clovelle Phillip shall be the owner of this one-third (⅓) share as a tenant in common.

## B. Summary Judgment

The standard for summary judgment is set forth in FED. R. CIV. P. 56, and is applicable to the Virgin Islands pursuant to Terr. Ct. R. 7.[8] Under this Rule, summary judgment is proper if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex*

---

[8] Territorial Court Rule 7 provides:

> The practice and procedure in the Territorial Court shall be governed by the Rules of the Territorial Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.

Terr. Ct. R. 7.

*Corp. V. Catrett*, 106 S.Ct. 2548, 2552 (1986); *Green V. Hess Oil V.I. Corp.*, 29 V.I. 27, 30 (Terr. Ct. 1994). Furthermore, the Court must view all doubt in favor of the non-moving party when deciding whether there is a disputed issue of material fact. *Green*, 29 V.I. at 30. If an issue could be reasonably resolved in favor of either party, then a genuine issue of fact will exist, and a summary judgment should not be entered. *Id.* at 30.

Application of this standard to the current dispute at hand reveals the existence of no genuine issue as to any material fact. Whether the decedent and the Claimant held Plot 22BB Estate Stoney Ground as joint tenants is entirely controlled by the Court records of the Cecil Alexander probate. An adjudication in that probate was entered into by the Court on February 16, 1978 and purportedly vested the decedent and the Claimant with ownership of the above real property as joint tenants. It is thus a question of law for this Court to determine whether the 1978 Court's establishment of a joint tenancy in this manner was an act permitted by the Virgin Islands Code. This matter is ripe for summary judgment, and the Court finds that the Estate is entitled to a judgment as a matter of law.

## CONCLUSION

The law on descent and distribution for intestate estates in the Virgin Islands grants a one-third (⅓) interest in the property of a deceased onto the surviving spouse, with the remaining residue to be shared in equal portions by his or her children. For a joint tenancy to exist, each cotenant must own an equal undivided interest. Therefore, by its very nature, the Virgin Islands Code on descent and distribution seems to disfavor joint tenancies, and in many cases, does not allow such a tenancy at all. With this in mind, the Court acknowledges the right of intestate heirs to unanimously consent to enter into an express agreement to form a joint tenancy amongst themselves.

The parties became owners of the real property at issue directly as a result of the adjudication in the Cecil Alexander estate. A review of the Court record of this probate reveals no request to form a joint tenancy was ever presented to the Court. In fact, it was not until the Court's February 16, 1978 adjudication that a joint

tenancy was ever mentioned. Although this adjudication purportedly created such a tenancy, this Court holds that the 1978 Court lacked the judicial authority to establish this form of ownership. First, in order to create a joint tenancy, the Claimant, a minor at the time, would have had to relinquished a portion of her inheritance. This could only occur if her guardian ad litem consented to such a relinquishment, which he did not. As this Court holds that the Territorial Court lacks the power to unilaterally establish a joint tenancy in intestate heirs, the lack of the minor heir's consent bars the creation of a joint tenancy. Thus, a tenancy in common was established by the February 16, 1978 adjudication, regardless of the language found in the instrument.

■ Therefore, it is held that the decedent, Mary Phillip, died possessed of a one-third (⅓) interest in Plot No. 22BB Estate Stony Ground, and had every right to devise this interest to whomever she saw fit.