# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

LUCY LAFORCE, ADMIN. EST. **Plaintiff** )
OF GREGORY LAFORCE )
)
)
)
VS )
)
ESTATE OF GREGORY LA FORCE )
)
)

**Defendant**

CASE NO. SX-15-CV-0000181

ACTION FOR: QUIET TITLE

# NOTICE OF ENTRY OF JUDGMENT AND MEMORANDUM OPINION

TO: K. GLENDA CAMERON, ESQ.
JUDGES & MAGISTRATES
LAW CLERKS & LAW LIBRARY
IT DIVISION & RECORD BOOK

Please take notice that on December 30, 2019 a(n) JUDGMENT AND
MEMORANDUM OPINION dated December 27, 2019 was entered by the Clerk
in the above-entitled matter.

Dated: December 30, 2019

Estrella H. George
Clerk of the Court

**TISHA LAURENCIN-ORTIZ**
**COURT CLERK II**

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

LUCY LAFORCE, INDIVIDUALLY AND
AS ADMINISTRATRIX OF THE ESTATE
OF GREGORY LAFORCE,

                              PLAINTIFF,

        V.

ESTATE OF GREGORY LAFORCE, AND
ALL PERSONS WHO MAY CLAIM A
RIGHT, TITLE, INTEREST, LIEN OR
ESTATE IN AND TO PLOT NO. 235 OF
ESTATE WILLIAMS DELIGHT, PRINCE
QUARTER, ST. CROIX, U.S. VIRGIN
ISLANDS, CONSISTING OF
APPROXIMATELY 10212.50 SQ. FT.,
MORE OR LESS, AS MORE FULLY
SHOWN ON THE OLG DRAWING NO.
2797, DATED JUNE 1, 1970, REVISED
JANUARY 7, 1971,

                    DEFENDANTS.

SX-15-CV-181

## JUDGMENT

**AND NOW,** in accordance with the Court's Memorandum Opinion of even date, it is:

**ORDERED, ADJUDGED, and DECREED** that prior to his death on August 7, 2008,

Gregory LaForce was the sole owner of certain real property, to wit:

> Plot. No. 235 Estate William's Delight, Prince Quarter, St. Croix, U.S. Virgin Islands, consisting of approximately 10212.50 square feet, more or less, as more fully shown on the OLG Drawing No. 2797, dated June 1, 1970, revised January 7, 1971 (hereinafter the "Property").

**ORDERED, ADJUDGED, and DECREED** that the title of the Property is quieted in favor

of Gregory LaForce and his estate, and is subject to the distribution of his estate under the laws of the

U.S. Virgin Islands.

**DONE and so ORDERED** this 27 day of December, 2019.

**ATTEST:**
Estrella H. George
Clerk of the Court

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

By:
    Court Clerk Supervisor
Dated: 12/30/19

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

LUCY LAFORCE, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF
GREGORY LAFORCE,

                    PLAINTIFF,

              V.

ESTATE OF GREGORY LAFORCE, AND ALL
PERSONS WHO MAY CLAIM A RIGHT, TITLE,
INTEREST, LIEN OR ESTATE IN AND TO PLOT
NO. 235 OF ESTATE WILLIAMS DELIGHT,
PRINCE QUARTER, ST. CROIX, U.S. VIRGIN
ISLANDS, CONSISTING OF APPROXIMATELY
10212.50 SQ. FT., MORE OR LESS, AS MORE
FULLY SHOWN ON THE OLG DRAWING NO.
2797, DATED JUNE 1, 1970, REVISED JANUARY
7, 1971,

                   DEFENDANTS.

SX-15-CV-181

Cite as: 2019 VI Super 171

*FOR PUBLICATION*

**Appearances:**

**K. GLENDA CAMERON, ESQ.**
Law Offices of K.G. Cameron
Christiansted, USVI
*For Petitioner*

<u>MEMORANDUM OPINION</u>

**WILLOCKS, Presiding Judge**

    **THIS MATTER** is before the Court on Lucy LaForce's Petition to Quiet Title and for

Declaratory Relief, filed May 18, 2015.

**BACKGROUND**

¶1    Lucy LaForce (hereinafter "Petitioner") was married to Gregory LaForce, who passed away on

August 7, 2008. (Pet. ¶ 9.) In 2007, the couple applied for a mortgage from Bank of Nova Scotia to

purchase the home they had occupied for about seven years, commonly known as Plot No. 235 Estate

William's Delight on St. Croix (hereinafter the "Property"). (*Id.* at ¶ 6.) The mortgage and promissory note for the Property listed both Petitioner and Gregory LaForce but the warranty deed made a grant of the Property only to Gregory LaForce. (*Id.* at ¶ 8.)

¶2      The Petitioner was named the administrator of the Estate of Gregory LaForce on or about June 6, 2011 and now needs a declaration as to the rights and legal interests of the Estate in the Property. (*Id.* at ¶ 15.) According to the Petitioner, the Property was purchased with community funds and was held as a joint tenancy with rights of survivorship, meaning that the Petitioner is now the sole owner of the property. (*Id.* at ¶ 16-18.) She also alleges that the Property is non-probate property and that the Estate of Gregory LaForce has no legal interest thereto. (*Id.* at ¶ 19.) To that end, the Petitioner requests that the Court declare that the Property was jointly owned by Lucy and Gregory LaForce with right of survivorship and that the Petitioner the sole owner of the Property as of August 7, 2008.

¶3      At a status conference on June 29, 2017, the Court determined that there may be a jurisdictional issue regarding the subject matter of the Petitioner's request for declaratory judgment as between this Court and the Probate Court, and ordered the Petitioner to file a memorandum regarding jurisdiction. The Memorandum of Law As to Jurisdiction Over Petitioner Lucy LaForce's Action to Quiet Title and For Declaratory Judgment was filed on January 17, 2018.

¶4      The Petitioner argues that the Court has jurisdiction over this matter pursuant Title 5, Section 1264 of the Virgin Islands Code (hereinafter "Section 1264"), (Mem. of Law 1-2), which provides:

> Any person interested as or through an...administrator...in the administration of a trust, or of the estate of a decedent...may have a declaration of rights or legal relations in respect thereto:
>
> (a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or
>
> (b) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or
>
> (c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

The Petitioner also notes that it is undisputed that she was married to Gregory LaForce, that they jointly applied for a mortgage and purchased the Property, that the transfer was completed with an error on the deed, and that she individually made most of the mortgage payments prior to filing the present petition. (Mem. of Law at 2.) The Petitioner goes on to argue that she is the clear owner of the Property for these reasons. (*See id.* at 3.)

¶5     In the alternative, Petitioner asserts that this Court has jurisdiction pursuant to Title 15, Sections 392 and 395 of the Virgin Islands Code. (*Id.* at 4.) Section 392 governs the time limitation to present claims against the estate, and Section 395 states that any claim against the estate that is refused by the administrator may be presented to the court for judgment. 15 V.I.C. §392; 15 V.I.C. §395. "However, in the related Probate proceeding, In the Matter of the Estate of Gregory LaForce, Case No. SX-10-PB-000025, the Probate Court denied jurisdiction over Petitioner's claimed interest in the real property, expressly finding that Petitioner's claim against the Estate that the property should be deemed her property, as a joint tenant with right of survivorship, '[was] not within the jurisdiction of the probate Court to make a judicial determination of Petitioner's interest in the real property.'" (Mem. of Law at 4 (citing Orders dated April 30, 2015, *In the Matter of the Estate of Gregory LaForce*, Case No. SX-10-PB-025.))

¶6     Since the Petitioner could not achieve her aim in Probate Court, she is relying on this Court for judgment.

## DISCUSSION

### A. Jurisdiction

¶7     Despite the Petitioner's Memorandum, and the prior determination of the Probate Court that it does not have jurisdiction, the Petitioner has not actually addressed whether *this* Court has jurisdiction. Fortunately, the question is easily resolved. Section 1264 is based on the Uniform Declaratory Judgments Act, as is Section 1261 of the same title, which indicates that "[c]ourts of record within

their respective jurisdictions shall have the power to declare rights, status, and other legal relations...."

5 V.I.C. §1261. According to Section 161 of Title 15 of the Virgin Islands Code, the district court has

jurisdiction to "administer justice in all matters relating to the affairs of decedents, and upon the return

of any process, to try and determine all questions, legal or equitable, arising between any or all of the

parties to any proceeding, or between any party and any other person having any claim or interest

therein who voluntarily appears in such proceeding...." 15 V.I.C. §161.

¶8    However, the Superior Court has original jurisdiction "to supervise and administer estates and

fiduciary relations "[s]ubject to the original jurisdiction conferred on the District Court by section 22

of the Revised Organic Act of 1954...." 4 V.I.C. §76. It is indisputable that Title 4, Section 76 of the

Virgin Islands Code divested the District Court of the Virgin Islands of the jurisdiction to hear matters

that are exclusively local. *See, e.g., Edward v. HOVENSA, LLC,* 497 F.3d 355, 358-59 (3d Cir. 2007);

*V.I. Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.,* 27 F.3d 911, 914 (3d Cir. 1994); *In re Moorhead,*

27 V.I. 74 (Terr. Ct. 1991). It is also the magistrate judges of the Superior Court that are empowered

to hear probate matters, pursuant to the Virgin Islands Rules for Probate and Fiduciary Proceedings.

V.I. R. Prob. 2. The Virgin Islands Code also grants the Superior Court subject matter jurisdiction over

probate issues. 15 V.I.C. §1-302.

¶9    So, despite the fact that it is the District Court referenced by the jurisdictional statute, it is in

fact the Superior Court, as the successor to the Territorial Court, that has jurisdiction over this matter.

Having reviewed the facts and evidence submitted by the Petitioner, the Court is satisfied that this is

purely a local matter subject to the Court's jurisdiction.

## B. Declaratory Judgment and Quiet Title

### a. *Joint Tenancy with Right of Survivorship*

¶10 In order for the Court to grant the Petitioner's request for declaratory judgment, it must be legally demonstrable that she became the sole owner of the Property upon Gregory LaForce's death by operation of a joint tenancy with right of survivorship.

¶11 "An estate in joint tenancy is one held by two or more persons jointly, with each tenant possessing equal rights in the enjoyment of the property during their lifetime." *In re Estate of Phillip*, 41 V.I. 37 (Terr. Ct. 1999) (citations omitted). "By virtue of this right, the death of one joint tenant automatically causes the entire estate to pass directly to the survivor tenant." *Id.* (citations omitted). "At common law, it has been recognized that the unities of time, title, interest and possession must all be present in order to create a joint tenancy." *Id.* (citations omitted). "To satisfy these requirements, each joint tenant 'must have one and the same interest accruing by one and the same undivided possession.'" *Id.* (citing *Carson v. Ellis*, 186 Kan. 112 (1960).

¶12 "The tendency of some decisions is to place more of an emphasis on the parties' intentions rather than on the formal requirements normally necessary to create a joint tenancy." *In re Estate of Phillip*, 41 V.I. at 42 (citation omitted). "However, in the absence of statutory modification, the common law rule requiring that a joint tenancy contain all four unities will control." *Id.* (citing *Krause v. Crossley*, 202 Neb. 806 (1979). In the Virgin Islands, there has been no statutory modification of the common law rule.

¶13 Here, it is undisputed that the Petitioner and Gregory LaForce lacked unities in common, especially the unity of title. By the Petitioner's own admission, "the deed to the property acquired with the mortgage proceeds was issued only in the name of [] Gregory LaForce." (Pet. 2.) Regardless of what was intended, the Petitioner was not deeded an interest or legal title in the Property and her interest since the death of Gregory LaForce cannot be based on joint tenancy with right of survivorship.

### b.  Sole Property of Gregory LaForce

¶14    The Code of 1920 abolished community property in the Virgin Islands. *See In re Estate of Samuel*, 1945 U.S. Dist. LEXIS 1351 (D.V.I. 1945). "The mere declaration of the surviving spouse that the property was bought with earnings of petitioner and decedent would not be sufficient for the Court to find with any degree of certitude that the piece of property bought by the husband...is community property." *Id.* at *3. A tenancy by the entirety is also not possible because ownership by the entirety--under which spouses would take ownership of property as though they were one person, with right of survivorship--requires that spouses be conveyed property jointly, such as in the same deed. *Masonry Prods. v. Tees*, 280 F. Supp. 654, 656 (D.V.I. 1968); *Modeste v. Benjamin*, 18 V.I. 619, 621 (D.V.I. 1981) (citations omitted). As a general rule, the Virgin Islands Statute of Frauds requires that a deed of conveyance or other writing is necessary to create or transfer an interest in property. 16 V.I.C. §241(a)(2). This, of course, would mean that a mortgage or promissory note does not transfer an interest in property unless it meets the requirements of the Statute of Frauds.

¶15    For the purposes of domestic relations, property can be deemed marital property, meaning (prior to 2014 when the law was revised[1]) property "acquired during the marriage through the joint efforts of both spouses, whether through work or through support of the working spouse, that is meant for general household use, household betterment, and/or use and enjoyment between the spouses." *Inniss v. Inniss*, 65 V.I. 270, 277-78 (V.I. Sup. Ct. 2016) (citing *Fuentes v. Fuentes*, 247 F. Supp.2d 714, 717 (D.V.I. App. Div. 2003). The phrase "marital property" appears to have been conflated on occasion with "community property" in the Virgin Islands Code. *See* 9 V.I.C. §131m (stating that "[a] deposit of community property in an account does not alter the community character of the property...."); 15 V.I.C. §5-411 (indicating that a conservator may convey interests in marital property

---

[1] The current statutory definition of marital property is "all real and personal property acquired by either spouse subsequent to the marriage" subject to certain exceptions. 16 V.I.C. § 109(a)(7).

with permission from the court). But the term "marital property" has specifically been used in discussion about divorce and marital dissolution whereas "community property" generally relates to probate matters. *See, e.g., Innis*, 65 V.I. at 278 (In determining whether a personal injury settlement is personal or marital property, the Supreme Court stated that "[t]he Virgin Islands abandonment of the law of community property demonstrates a public policy that further supports a definition of marital property that recognizes the source (e.g., work, inheritance, gift) of the asset in question); 15 V.I.C. §1-201(125) (defining community property, for the purposes of Probate Court, as including "co-owner[ship] of property held under circumstances that entitle one or more to the whole of the property on the death of the other....") The Court is not aware of any case relating to a decedent's estate where the doctrine of marital property has been used in place of community property, and community property has not been reinstituted by law.

¶16     In this case, the Petitioner cannot claim community property, since that doctrine has been abolished. Nor can she claim the Property as marital property since that doctrine has exclusive use in domestic relations and divorce. The Petitioner also has not made any argument for her claim to the Property other than a non-existent joint tenancy and the fact that she paid most of the mortgage individually. A review of the mortgage and note make clear that they cannot have transferred an interest in the Property, not only because they lack the necessary formalities, but also because the mortgagor did not even possess an interest in the Property. Rather, a contract submitted as an exhibit to the Petition clearly indicates that the previous owner of the property, Sophia Leon, promised to sell the Property to Gregory LaForce. (Exhibit 3A to Petition.) The Petitioner's name does not appear in the terms of the contract, and she did not sign it with her husband. Likewise, her name does not appear on the Warranty Deed. (Exhibit 4 to Petitioner.)

¶17     The contract and deed indicate that it may have been Gregory LaForce's intent to purchase and place the property solely in his name, and since he is not available to make an affidavit to that effect,

the Court can only base its decision upon the hard evidence: Petitioner was never granted an interest in the Property. Thus, the only logical conclusion as to the ownership of the Property is that it was solely owned by Gregory LaForce and must now belong to his estate.

¶18     The Court expects the Property will pass pursuant to the usual rules of estate disposition outlined in Virgin Islands Code. However, the Court will leave that matter to the Probate Court. Declaratory Judgment will be issued in accordance with this opinion and the following findings of fact.

## FINDINGS OF FACT

¶19     In accordance with the above Memorandum Opinion, the Court finds as follows:

1.  That the property known as Plot. No. 235 Estate William's Delight, Prince Quarter, St. Croix, U.S. Virgin Islands, consisting of approximately 10212.50 square feet, more or less, as more fully shown on the OLG Drawing No. 2797, dated June 1, 1970, revised January 7, 1971 (hereinafter the "Property") was acquired by Gregory LaForce in his sole name as evidenced by a contract for sale and warranty deed;

2.  That the Property was solely owned by Gregory LaForce and was not held in concurrent interest with another;

3.  That, as belonging solely to Gregory LaForce, the Property became part of his estate upon his death on August 7, 2008, and is subject to the laws estate disposition and distribution of the U.S. Virgin Islands.

**DONE and so ORDERED this** _27_ **day of December, 2019.**

**ATTEST:**
Estrella H. George
Clerk of the Court

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

By:
Court Clerk Supervisor

Dated: ___12/30/19___